BARRERAS *v*. THE REGISTRAR OF PROPERTY.

APPEAL from a decision of the Registrar of Property of Caguas.

No. 24.—Decided June 25, 1909.

DISMISSAL OF APPEAL—APPEAL TAKEN OUT OF TIME.—In this case the appeal was dismissed because the decision appealed from was filed in the office of the Secretary of the Supreme Court when more than the 20 days prescribed by the third section of the act relating to appeals from decisions of registrars of property, approved March 1, 1902, had elapsed, as also the 10 days allowed by the second section of said law to the party interested for filing the arguments in support of his right. For these reasons the decision of the registrar was held to have been accepted.

REPRODUCTION OF DECISION REFUSING ADMISSION TO RECORD—NOT APPEALABLE.—An appeal does not lie from the reproduction of a decision refusing admission to record when the original decision is understood to have been accepted, for if the incessant renewal of cautionary notices of titles not recorded on account of incurable defects were permitted, the record of perfect titles of other persons would be indefinitely prevented.

The facts are stated in the opinion.

*Mr. Torres* for appellant.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

This is an appeal taken by José Barreras Padró from a decision of the Registrar of Property of Caguas denying the admission to record of a deed of sale of lands.

On November 29, 1907, Agusto Ortiz Lebron, marshal of
the District Court of Humacao, executed in said city, before
Notary Antonio Aldrey, in favor of Barreras Padró, a deed of
sale to three estates which had been attached in proceedings
prosecuted against Juan de Mata Peña, for the recovery of a
sum of money, and which had been awarded to him at the
public sale held on the 20th of said month of November in
execution of the judgment rendered in such proceedings.

Upon presentation of the deed of sale to the Registrar of
Property of Caguas for record, said registrar denied it in the
following decision:

"The record of the foregoing document is denied and in lieu
thereof a cautionary notice is entered, to be effective for 120 days, at
folios 188, reverse side, 114 and 85 of volumes 8, 5 and 1 of Juncos, es-
tates Nos. 400, 243 and 17, record letters A, A and B, respectively, on
account of the following incurable defects: That Juan de Mata Peña
acquired the estates above-described while married, such estates be-
longing to the conjugal partnership between himself and his wife, and
it does not appear that in the proceedings prosecuted against the said
Juan de Mata Peña, his wife was also made a defendant, nor that the
marshal, Agusto Ortiz, sold such estates in her name, nor does it
appear that the said alienation had been made with the consent of the
said wife, in accordance with the provisions of section 159 of the Civil
Code; and furthermore, attention is called to the curable defects that
this document does not state the age or civil status of the defendant,
Juan de Mata Peña, nor the name and surname of the person from
whom Mata Peña immediately acquired the said estates. Caguas,
July 27, 1908. S. Abella Baston, Registrar."

Notice of the decision denying the record was served on
Barreras Padró on September 28 of the same year, and it does
not appear that any appeal has been taken therefrom.

Underneath the notice served on Barreras Padró, the
Registrar of Property of Caguas, on March 19 of the current
year, drew up another decision denying the record of the docu-
ment in question, and stating, in an express manner, the incur-
able defects set forth in the first decision, a second cautionary

notice having been entered to be made effective for 120 days. Notice of this decision was served on Barreras Padró on May 3 last, and the latter, on the 17th of the said month of May, presented the deed of sale in question with a petition, in which he alleges what he deems proper in support of his right, for the purpose of obtaining the reversal of the second adverse decision of the Registrar of Property of Caguas, and the admission to record of said document.

Notice of the decision of the Registrar of Property of Caguas of June 27, 1908, denying the record of the deed of sale of November 29, 1907, was served on the person presenting the document on September 28, 1908, and said document was filed in the office of the secretary of this Supreme Court on May 17 last, when more than the 20 days, prescribed by the third section of the act relating to appeals from decisions of registrars of property, approved March 1, 1902, had elapsed, as well as the 10 days allowed by the second section of said law to the party interested for filing the arguments in support of his right. For all these reasons the said decision of the registrar must be held to have been accepted.

An appeal does not lie from the decision of March 19 last denying the record which is the subject matter of this appeal, since it is against it that Barreras Padró directs his arguments, said decision being but a reproduction of the previous one of July 27, 1908, which Barreras Padró accepted.

In support of the doctrine above set forth we have the decision of this Supreme Court of November 30, 1908, on an appeal taken by Fabio A. Hernández, from a decision of the Registrar of Property of Aguadilla, strengthened by the consideration that, if the incessant renewal of cautionary notices of titles not recorded on account of incurable defects were permitted, the record of perfect titles of other persons would be indefinitely prevented.

The appeal taken from the decision of March 19 of the current year denying the record is dismissed, and it is ordered

that this document be returned to the Registrar of Property
of Caguas, with a certified copy of this decision, for the proper
purposes.

*Dismissed.*

Justices Figueras, MacLeary and del Toro concurred.
Mr. Justice Wolf dissented.